IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03640-KLM

AAHC Management and Consulting, LLC,

    Plaintiff,

v.

USA Hemp LLC,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Serve Defendant by Substituted Service** [#10][1] (the "Motion"). Plaintiff seeks leave from the Court to serve Defendant USA Hemp LLC ("USA Hemp") with the Complaint [#2] and Summons [#4] via certified mail. *Motion* [#10] at 2. Plaintiff asserts that granting such leave is appropriate, because "diligent efforts were undertaken on multiple occasions to exact service upon the Defendant" and, "based on Defendant's concerted efforts to avoid service and its refusal to waive, it is reasonable to anticipate that service will continue to be avoided," and "further efforts to obtain personal service would be to no avail." *Id.* at 3.

## I. Background

Plaintiff initiated this action on December 14, 2020. *See Compl.* [#2]. In the Complaint [#2], Plaintiff brings one claim against Defendant USA Hemp for breach of

---

[1] "[#10] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

1

contract. *Id.* at 2. Plaintiff asserts that it attempted personal service of Defendant USA Hemp three times between December 17, 2020, and December 20, 2020, at its known business address in Chicago, Illinois. *Motion* [#10] at 1. On December 22, 2020, Anthony Demonte ("Demonte"), apparently a representative of Defendant USA Hemp, emailed Plaintiff seeking Plaintiff's counsel's contact information to provide Plaintiff's counsel with Defendant USA Hemp's bankruptcy filings. *Pl.'s Ex. 2* [#10-2] at 2. Despite further correspondence between Mr. Demonte and Plaintiff's counsel, Plaintiff states it never received Defendant USA Hemp's bankruptcy filings. *Motion* [#10] at 2. Additionally, although Plaintiff asked Mr. Demonte if Defendant USA Hemp would be willing to waive service, Mr. Demonte never replied to this query. *Id.*

## II. Legal Standard

Fed. R. Civ. P. 4(h) governs service of a corporation. It states that a corporation may be served by "delivering a copy of the summons and of the complaint to an officer or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Alternatively, Fed. R. Civ. P. 4(h)(1)(A) provides that a corporation may be served according to Fed. R. Civ. P. 4(e)(1), the rule for service of an individual. Fed. R. Civ. P. 4(e)(1) provides that an individual "may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."

For a limited liability company (like Defendant USA Hemp here), Colorado law requires service "by delivering a copy of [the summons] to the registered agent for

2

service,' or to a manager if management is vested in managers, or a member if management is vested in members." Colo. R. Civ. P. 4(e)(C)-(D). Colorado law permits "service by mail or publication" but "only in actions affecting specific property or status or other proceedings in rem" and only after the serving party files a verified motion seeking permission. Colo. R. Civ. P. 4(g). When service by mail or publication is not otherwise permitted, Colo. R. Civ. P. 4(f) allows for substitute service but also requires the serving party to file a motion requestion such service that demonstrates due diligence in attempting to serve the identified party. Additionally, the movant must show that substituted service is "appropriate under the circumstances and reasonably calculated to give actual notice to the defendant." *Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1240-41 (Colo. 2012) (quoting Colo. R. Civ. P. 4(f)).

## III. Analysis

Substituted service is appropriate under Colo. R. Civ. P. 4(f) under the following circumstances:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: (1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery

to the person deemed appropriate for service.

Here, Plaintiff states "diligent efforts were undertaken on multiple occasions to exact service upon the Defendant." *Motion* [#10] at 3.  Additionally, Plaintiff states that "Defendant's concerted efforts to avoid service and refusal to waive" demonstrate future attempts at personal service "would be to no avail."  *Id.*  However, as discussed below, the Court finds that Plaintiff has not met the requirements for substituted service under Colo. R. Civ. P. 4(f).

Although Plaintiff has submitted a "motion, supported by an affidavit of the person attempting service" which demonstrates "the efforts made to obtain personal service and the reason personal service could not be obtained," *see* [#10-1], Plaintiff does not "identify the person to whom the party wishes to deliver the process."  *See Motion* [#10]; Colo. R. Civ. P. 4(f).  Plaintiff provides no legal support, and the Court is aware of none, that simply naming a limited liability defendant suffices as identifying "the person to whom the party wishes to deliver the process."  In other words, mailing service to a general business address is not adequate under Colorado Rule 4(f).  The Colorado Supreme Court has clearly stated that "the completion and validity of service" under this rule "is linked to the delivery of process to the substituted person and not to the mailing of process to the defendant," and "[i]f process is never delivered to the substituted person, service can never be valid and complete under [Rule] 4(f)."  *Willhite*, 274 F.3d at 1240; *see also Namaste Judgment Enforcement, LLC v. King*, 465 P.3d 78, 83 (Colo. App. 2020) (holding that "hand delivery to the substituted person is required").

Here, Plaintiff does not name a substitute person and only wishes to mail the process to Defendant.  *Motion* [#10] at 2. Without identifying a person to whom process will be sent, the Court is unable to determine that "delivery of the process is appropriate

4

under the circumstances and reasonably calculated to give actual notice . . . ." *See Minshall v. Johnston*, 417 P.3d 957, 962 (Colo. App. 2018) (concluding that Colorado Rule 4(f) is not satisfied merely by alleging that the designated person for substituted service will notify the party to be served of the suit, but rather by demonstrating through evidence that the designated person is "reasonably calculated to give actual notice" of the suit to the defendant). Further, this Court has only granted motions for substituted service where the movant named a specific person to whom it would send service. *See, e.g.*, *Warrender Enter., Inc. v. Merkabah Labs, LLC*, No. 20-cv-00155-SKC, 2020 WL 2306856, at *3 (D. Colo. May 8, 2020) (granting some of the plaintiff corporation's motion for substituted service where the plaintiff named specific individuals the process would be delivered to who were reasonably calculated to give actual notice to defendants); *Rain Design, Inc. v. Spinido, Inc.*, No. 19-cv-00349-RM-KMT, 2020 WL 4339376, at *4 (D. Colo. July 28, 2020) (same).

Accordingly, the Motion [#10] is **DENIED without prejudice**.

DATED: August 11, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge