IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03640-KLM

AAHC MANAGEMENT AND CONSULTING LLC,

    Plaintiff,

v.

USA HEMP LLC,

    Defendant.

## ORDER

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [#13] (the "Motion"). Plaintiff filed a Response [#31] in opposition to the Motion [#13]. Defendant did not file a reply. The Court has reviewed the Motion, Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#13] is **GRANTED**.[1]

### I. Background

The well-pled facts of the Complaint [#2] are construed in a light most favorable to Plaintiff. *Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015). Plaintiff is a Colorado limited liability company ("LLC") with its principal place of business in Colorado. *Compl.* [#2] ¶ 3. Plaintiff alleges that Defendant is an LLC with its principal place of business in Illinois, but the state of incorporation is unknown to Plaintiff. *Id.* ¶ 4; *Response* [#31] ¶¶ 6-7.

---

[1] This case has been referred to the undersigned for all purposes pursuant to the parties' consent and 28 U.S.C. § 636(c).  *See* [#19], [#20].

- 1 -

This case is about a breach of contract claim based on the sale of hemp seeds. *See Compl.* [#2]. Plaintiff alleges that Defendant entered an agreement to purchase 438,909 hemp seeds from Plaintiff for $307,236.30. *Id.* ¶ 5. On September 11, 2019, Plaintiff delivered the seeds to Defendant in California. *Id.* ¶ 6. However, Plaintiff alleges that it never received any payment for the seeds. *Id.* ¶¶ 8, 15. Plaintiff asserts that, because it fully performed its obligation under the contract by delivering the seeds, Defendant breached the contract by failing to tender the payment. *Id.* ¶¶ 17-21. Plaintiff brought this breach of contract claim based on diversity jurisdiction. *Id.* ¶ 1.

In response to the Complaint [#2], Defendant filed the present Motion [#13] seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(2), and Fed. R. Civ. P. 12(b)(4). The Court need only address the dismissal request pursuant to Fed. R. Civ. P. 12(b)(1), however, because Plaintiff has not provided sufficient allegations showing that the Court has subject-matter jurisdiction over Plaintiff's claim and, therefore, the Court must dismiss this case.

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(1) concerns whether the Court has subject-matter jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Additionally, because "'the jurisdiction of federal courts is limited, there is a presumption against

[federal] jurisdiction.'" *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (quoting *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts that allegations of the complaint as true. *Id.* at 1003. By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)).

### III. Analysis

In the Motion [#13], Defendant raises the issue of whether the Court has subject-matter jurisdiction over Plaintiff's claim, specifically contesting whether diversity jurisdiction exists.

A plaintiff properly invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332 by presenting a claim between parties of complete diverse citizenship, which meets the minimum required jurisdictional amount of $75,000. *See* 28 U.S.C. § 1332; *see also Arbaugh v. Y&L Corp.*, 546 U.S. 500, 513 (2006). Here, the amount-in-controversy is not at issue. *See Compl.* [#2] (stating that the allegedly unpaid hemp seeds are worth $307,236.30). However, the Court lacks sufficient information as to whether complete diversity exists between the parties.

In this case, both Plaintiff and Defendant are business entities. Among the various types of business entities, there are corporations and LLCs. To decide the citizenship of a corporation, a "short and plain" statement in regard to the principal places of business and the state of incorporation is required. *See Mikelson v. Conrad*, 839 F. App'x 275, 277 (10th Cir. 2021). However, to decide the citizenship of an LLC, the Tenth Circuit has held that "an LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *see also Paker v. WI Waterstone, LLC*, 790 F. App'x 926, 929 n.2 (10th Cir. 2019) (stating that "[the defendant], as a limited liability company, takes the citizenship of each of its members").

Here, Plaintiff bears the burden to show that complete diversity exists between the parties. *F & S Constr. Co.*, 337 F.2d at 161 (stating that "[t]he burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). Plaintiff argues that a "short and plain statement of the grounds for the court's jurisdiction" satisfies its burden. *Mikelson*, 839 F. App'x at 277. Plaintiff further argues that, under *Mikelson v. Conrad*, Plaintiff only needs to provide a short and plain statement in regard to Defendant's principal place of business and the state of incorporation to allege Defendant's citizenship. *Id.* Plaintiff alleges that Defendant's principal place of business is in Illinois but that the state of incorporation is unknown to Plaintiff. *Compl.* [#2] ¶ 4; *Response* [#31] ¶¶ 6-7. Therefore, Plaintiff believes that it has satisfied its burden to properly allege complete diversity by providing a "short and plain statement" of the grounds for the Court's diversity jurisdiction. *See Mikelson*, 839 F. App'x at 277.

However, *Mikelson* is distinguishable from the present case because the defendant in *Mikelson* was a corporation, not an LLC. *Id.* Here, because Defendant is an LLC, Defendant takes the citizenship of all its members. *See Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234. Therefore, to properly allege diversity, Plaintiff would need to identify the citizenship of Defendant's members. Here, however, in both the Complaint [#2] and the Response [#31], Plaintiff missed the mark. Instead of alleging Defendant's members' citizenship, Plaintiff only alleges that Defendant's principal place of business is in Illinois. Similarly, Plaintiff, as an LLC, failed to address its own citizenship by failing to address its members' citizenship. Because Plaintiff failed to allege the type of citizenship required for an LLC, the Court is without sufficient information to determine both Defendant's and Plaintiff's citizenship and, thus, the Court cannot find that complete diversity exists between the parties. Without the diversity requirement satisfied, the Court does not have subject-matter jurisdiction, and, therefore, must dismiss Plaintiff's complaint. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (holding that "[a] court lacking jurisdiction . . . must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking").

Accordingly, based on the lack of subject-matter jurisdiction, the Court **grants** the Motion [#13] and therefore this case is **dismissed without prejudice**. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217 (10th Cir. 2006) (holding that once a court determines it lacks subject matter jurisdiction to make any determination of the merits of the underlying claim, it must dismiss without prejudice).

## IV.  Conclusion

Based upon the foregoing,

- 6 -

IT IS HEREBY **ORDERED** that the Motion [#13] is **GRANTED** and this case is **DISMISSED without prejudice**.

Dated:  July 11, 2022

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge